**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ERICKA MINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01424 (PTG/WBP) |
| | ) | |
| KEYONNA TURNAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Seal ("Motion"; ECF No. 6), which seeks to seal the entire dismissed case. For the reasons described below, the Motion is DENIED.

While a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests," *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984), Local Civil Rule 5 makes clear that "motions to file documents under seal are disfavored and discouraged [and that] blanket sealing of entire briefs, documents, or other papers is rarely appropriate." E.D. Va. Local Civ. R. 5(C) (cleaned up). A court may only grant a motion to seal if: (1) the public has received notice of the request to seal and has had an opportunity to object; (2) the court has considered less drastic alternatives; and (3) the court provides specific findings in support of its decision to seal and the rejection of alternatives. *See Fireclean, LLC v. Fennell*, No. 1:16-cv-0293 (TSE/JFA), 2016 WL 9308297, at *1 (E.D.Va. Nov. 7, 2016) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)).

Under Local Civil Rule 5, a party moving to file documents under seal must file a memorandum that includes:

1.      A non-confidential description of the material filed under seal;

2.      A statement of why sealing is necessary and why another procedure will not suffice, along with appropriate evidentiary support for sealing; and

3.      References to the governing case law with an analysis of the appropriate standard and how that standard has been satisfied.

Local Civ. R. 5(C)(1)-(3).

Plaintiff asks the Court to seal the case on the grounds that the case contains personal identifying information and defamatory statements about Plaintiff (ECF No. 6 at 1-2), but Plaintiff's Motion fails to satisfy Local Civil Rule 5's procedural requirements. First, Plaintiff does not state why sealing of the entire case is necessary and why another procedure will not suffice. Second, Plaintiff failed to provide notice to the public of her request to seal, depriving the public of any reasonable opportunity to object. *See Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766-67 (E.D. Va. 2018) (denying motion to seal where defendants failed to provide public notice apart from the motion to seal).

Plaintiff's Motion also fails on the merits. Plaintiff does not address why less drastic alternatives, such as redaction, will not suffice. *See Asghari-Kamrani v. United Servs. Auto. Ass'n,* No. 2:15-cv-478, 2016 WL 8254918, at *2 (E.D. Va. Aug. 16, 2016) (highlighting that the movant failed to state why redaction would not suffice). In arguing why Plaintiff's personal information and defamatory statements override the public's right of access to judicial documents, Plaintiff simply states that public access places Plaintiff at risk of harm and may damage her personal and professional standing. (ECF No. 6 at 2.) Without more information and without explaining why redaction would not be an appropriate solution, the Court does not find that the presumption of public access is outweighed by Plaintiff's private interests. *See McPike v. Zero-Gravity Holdings, Inc.*, No. 1:17-cv-0562 (TSE/JFA), 2018 WL 10436601, at *1 (E.D. Va.

Mar. 27, 2018) (denied motion to seal for failure to address what specific provisions contained highly confidential information). Accordingly, it is hereby

ORDERED that Plaintiff's Motion is DENIED.

Entered this 9th day of December 2024.

_____

William B. Porter
United States Magistrate Judge

Alexandria, Virginia